1

ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
MEGAN E. WESSEL, ESQ.
Nevada Bar No. 14131
**PHILLIPS, SPALLAS & ANGSTADT LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510
(702) 938-1511 (Fax)
rphillips@psalaw.net
mwessel@psalaw.net

*Attorneys for Defendant*
*Walmart Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DAVONTAE SIMS,<br><br>　　　　Plaintiff,<br>v.<br><br>WALMART INC., a foreign corporation, d/b/a WALMART #1559; DOES I through 10, inclusive; ROE CORPORATIONS 11 through 20, inclusive; and ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive,<br><br>　　　　Defendants. | Case No.:<br><br>[District Court, Clark County Case No.: **A-20-825812-C,** Dept. No.: XVIII]<br><br>**DEFENDANT WALMART INC.'S PETITION FOR REMOVAL OF CIVIL ACTION**<br><br>**[JURY DEMAND]** |

COMES NOW, Petitioner WALMART INC. (hereinafter "Petitioner"), by and through its counsel of record, the law offices of PHILLIPS, SPALLAS & ANGSTADT, LLC, and hereby submits the following memorandum in support of its Petition for Removal of Jurisdiction to Federal Court:

I.

Petitioner WALMART INC. is currently the only true named Defendant in the above-captioned action.

II.

The above-entitled action was commenced by Plaintiff DEVONTAE SIMS (hereinafter "Plaintiff") on December 4, 2020 in the Eighth Judicial District in and for Clark County, District of Nevada. Said case is currently pending in that court. Plaintiff served his Summons on Petitioner on

1  December 4, 2020. True and correct copies of Plaintiff's operative Complaint and Summons are
2  attached hereto as **Exhibits "A" and "B,"** respectively. After Petitioner filed a timely Answer, Plaintiff
3  filed his Petition for Exemption from Arbitration on January 13, 2021. A true and correct copy of
4  Plaintiff's Petition for Exemption (hereinafter "Petition") is attached hereto as **Exhibit "C**."

5  Plaintiff's January 13, 2021 Petition is the "first paper" received by Petitioner from which
6  removability may clearly be ascertained that the amount in controversy in this action exceeds
7  $75,000.00. In his Petition, Plaintiff claims he has incurred **$86,671.00** in past medical specials from
8  his September 29, 2019, incident. *See* Exh. C at 3:5-7. Plaintiff then indicates immediately after his
9  alleged past damages that his future medical specials are pending indicating he is seeking the same. *Id.*
10 at 3:1-2. Plaintiff has further asserted pain and suffering and that he is seeking attorney fees in relation
11 to this matter. *See* Exh. "A."

12 Based on his past medical specials alone, Plaintiff's damages clearly exceed the $75,000.00
13 federal threshold. As such, there is no dispute that 28 U.S.C. §1446(b)'s $75,000 amount in controversy
14 requirement is met.

15                                III.
16 This Petition is timely filed pursuant to 28 U.S.C. § 1446(b).
17                                IV.
18 This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. §1332(a) and
19 is one which may be removed to this Court by Petitioner, pursuant to 28 U.S.C. § 1441(a).
20                                V.
21 Petitioner is informed, believes, and thereon alleges that Plaintiff is, and was at the time this
22 action was commenced, a citizen of the State of Nevada.
23                                VI.
24 Petitioner is, and was, at the time this action was commenced, a Delaware corporation with its
25 principal place of business in the State of Arkansas. As such, Petitioner is a citizen of the State of
26 Delaware and citizen of the State of Arkansas.
27 . . .
28 . . .

VII.

The above-entitled civil action is for personal and economic damages Plaintiff allegedly incurred after slipping at Walmart Store No. 1559 located at 201 N. Nellis Blvd., Las Vegas, Nevada (Clark County).

VIII.

A copy of Petitioner's Petition for Removal of Civil Action, seeking removal of the above-entitled action to the United States District Court, District of Nevada, together with a copy of the Summons and Plaintiff's Complaint, have been deposited with the Deputy Clerk in the County Clerk's office for the Eighth Judicial District Court in and for Clark County, Nevada.

IX.

True and correct copies of all pleadings and papers served upon Petitioner in the above-entitled action are filed herewith.

X.

This Petition is filed with the Court within thirty (30) days after Petitioner was served with Plaintiff's Petition for Exemption from Arbitration. Plaintiff's Petition was the "first paper" that put Petitioner on notice that Plaintiff's claimed damages clearly exceed the $75,000 federal diversity jurisdiction threshold. (Exh. C at 3:5-7). Given the amount of his past medical specials ($**86,761.00**), and the fact Plaintiff is claiming multiple other forms of relief and attorneys' fees, Plaintiff's damages *clearly total over* $75,000. Therefore, Plaintiff's anticipated damages meets 28 U.S.C. §1332(b)'s amount in controversy requirement. *See* 28 U.S.C. §1332(a) (2015); *see also Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (reversing dismissal for lack of jurisdiction, relying, in part, on estimated future medical expenses to determine that the amount in controversy exceeded the jurisdictional amount); *see also Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999) (holding that it was facially apparent from plaintiff's Complaint that claims exceeded $75,000.00 where plaintiff alleged property damage, travel expenses, an emergency ambulance trip, a six-day hospital stay, pain and suffering, humiliation and a temporary inability to do housework); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (holding that it was facially apparent that plaintiff's wrongful termination exceeded $75,000.00 based on the lengthy list of compensatory and punitive

1  damages combined with a claim for attorney fees in her Complaint).

2      As such, it is wholly reasonable that these cumulative claims for damages and diversity of the
3  parties meet the requisite requirements set forth by 28 U.S.C. §1441(b) and 28 U.S.C. §1332.

### **PRAYER**

WHEREFORE, Defendant prays that the above-entitled action be removed from the Eighth Judicial District Court in and for Clark County, Nevada, to this Court.

DATED this 25th day of January, 2021.

**PHILLIPS, SPALLAS & ANGSTADT LLC**

*/s/ Megan E. Wessel*
_____

ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
MEGAN E. WESSEL, ESQ.
Nevada Bar No. 14131
504 South Ninth Street
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*Walmart Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of January, 2021, I served a true and correct copy of the foregoing, **DEFENDANT WALMART INC.'S PETITION FOR REMOVAL OF CIVIL ACTION**, as follows:

☐ By facsimile addressed to the following counsel of record, at the address listed below:

☐ By placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☐ By Hand Delivery (ROC); and/or

☒ By Electronic Filing/Service Notification to:

| ATTORNEY OF RECORD | TELEPHONE/FAX | PARTY |
|---|---|---|
| MICHAEL C. KANE, ESQ.<br>Nevada Bar No. 10096<br>BRADLEY J. MYERS, ESQ.<br>Nevada Bar No. 8857<br>THE702FIRM<br>400 South 7th Street, #400<br>Las Vegas, Nevada 89101 | Phone 702-776-3333<br>Fax     702-505-9787 | Plaintiff |

*/s/ Clarissa Reyes*
An Employee of PHILLIPS, SPALLAS & ANGSTADT, LLC