# Exhibit "A"

*Plaintiff's Complaint*

Electronically Filed
12/4/2020 8:39 AM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
**THE702FIRM**
400 South 7th Street, #400
Las Vegas, Nevada 89101
Telephone: (702) 776-3333
Facsimile: (702) 505-9787
E-Mail: service@the702firm.com

CASE NO: A-20-825812-C
Department 18

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| DAVONTAE SIMS<br><br>Plaintiff,<br>vs.<br><br>WALMART, INC., a foreign corporation d/b/a WALMART #1559; DOES 1 through 10, inclusive; ROE CORPORATIONS 11 through 20, inclusive; and ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive,<br><br>Defendants. | Case No. :<br>Dept. No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, DAVONTAE SIMS, by and through his attorneys of record, MICHAEL C. KANE, ESQ., and BRADLEY J. MYERS, ESQ., of THE702FIRM, and for his Complaint against Defendants, states, asserts, and alleges as follows:

**JURISDICTIONAL STATEMENT**

1. The Eighth Judicial District Court has jurisdiction of this civil tort action pursuant to NRCP 8(a)(4), NRS 13.040, and NRS 41.130, as the occurrence giving rise to this matter took place in Clark County, Nevada, and the amount in controversy exceeds $15,000.00.

**GENERAL ALLEGATIONS**

2. Plaintiff DAVONTAE SIMS ("Plaintiff") is, and at all relevant times was, an individual residing in Clark County, Nevada.

3. On information and belief Defendant WALMART, INC., d/b/a WALMART #1559 ("WALMART") is, and at all relevant times was, a foreign corporation licensed and doing business in Clark County, Nevada.

4. On information and belief, the true names and capacities, whether corporate, associate, governmental or otherwise, of defendants designated herein as DOES 1 through 10; ROE CORPORATIONS 11 through 20, and ABC LIMITED LIABILITY COMPANIES 21 through 30, ("DOES/ROE CORPORATIONS/ABC LIMITED LIABILITY COMPANIES Defendants"), inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this Complaint accordingly.

5. On information and belief, DOES/ROE CORPORATIONS/ABC LIMITED LIABILITY COMPANIES Defendants are responsible, negligently, or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiff as hereinafter alleged.

6. On information and belief, DOES/ROE CORPORATIONS/ABC LIMITED LIABILITY COMPANIES Defendants were involved in the initiation, approval, support or execution of the wrongful acts upon which this litigation is premised, or of similar actions against Plaintiff of which Plaintiff is presently unaware.

7. On September 29, 2019, WALMART owned, operated, controlled, maintained, and/or serviced without limitation, and/or assumed liability of a certain business located at 201 North Nellis Boulevard, Las Vegas, Nevada 89110, and commonly known as Walmart #1559 (the "Premises"), for the purpose of carrying on a business for profit.

8. On or about September 29, 2019, Plaintiff was a patron of WALMART at the Premises.

9. On this date, a liquid substance was located on the floor in one of the Premise's aisles in an area open to the public that Defendant WALMART owns, controls, maintains, and/or services (the "Condition").

10. At the time, the Condition was unattended, without warning, and had not been remedied.

THE702FIRM
ATTORNEYS AT LAW
400 S. 7th St. #400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

11. As Plaintiff was walking down this aisle and exercising reasonable care for his own well-being, he suddenly slipped and fell to the floor as a result of this Condition (the "Incident").

12. On information and belief, Defendant had actual knowledge of this Condition by virtue of creating it or by having actual knowledge of its existence prior to the Incident, and/or Defendant had constructive notice of this Condition by failing to maintain, inspect, service, clean, etc., the area in a reasonable and prudent manner in order to prevent such incidents from occurring.

13. As a direct and proximate result of the aforementioned, Plaintiff sustained injuries, all or some of which conditions may be permanent and disabling in nature, all to his general damages in a sum in excess of $15,000.00.

14. As a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for his injuries received, in an expense all to his damages in a sum in excess of $15,000.00. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount.

15. Prior to the injuries complained of herein, Plaintiff was able-bodied and physically capable of engaging in all other activities for which he was otherwise suited.

16. Due to his injuries as set forth herein, Plaintiff has sustained pain, suffering, loss of enjoyment of life, past, present, and future in an amount in excess of $15,000.00.

17. Plaintiff has been compelled to retain the services of an attorney to prosecute this action and is, therefore, entitled to reasonable attorney's fees and costs incurred herein.

**FIRST CAUSE OF ACTION**

**(Negligence – Premises Liability)**

18. Plaintiff repeats and realleges the allegations above, as though fully set forth herein.

19. At all times relevant hereto, Defendant WALMART was in control of the Premises and had a non-delegable duty to maintain and inspect the Premises for the care, safety, and protection of those persons present on said Premises, including Plaintiff.

20. At all times relevant hereto, WALMART owed Plaintiff a non-delegable duty to

THE702FIRM
ATTORNEYS AT LAW
400 S. 7th St. #400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

Plaintiff to remedy known dangerous conditions and/or warn Plaintiff of the existence of known dangerous conditions.

21. At all times herein mentioned, Defendant had actual knowledge of this Condition by virtue of creating it or having actual knowledge of its existence prior to the Incident, and/or Defendant had constructive notice of this Condition by failing to maintain, inspect, service, clean, etc., the area in a reasonable and prudent manner in order to prevent such incidents from occurring.

22. WALMART breached its duty of care to Plaintiff by creating and/or knowingly and/or negligently allowing dangerous conditions to exist and persist on the Premises prior to the Incident, and by consciously, intentionally, willfully, wantonly, deliberately and/or negligently failing to take any measure to prevent, remedy, or to warn of the Condition's existence.

23. As a direct and proximate result of the negligence of WALMART, Plaintiff has been damaged in an amount in excess of $15,000 including but not limited to past incurred medical expenses, future medical expenses, lost past wages, and general damages.

24. Plaintiff has been compelled to retain the services of an attorney to prosecute this action and is, therefore, entitled to reasonable attorney's fees and costs incurred herein.

**SECOND CAUSE OF ACTION**

**(Negligent Hiring and/or Retention)**

25. Plaintiff repeats and realleges the allegations above, as though fully set forth herein.

26. WALMART owed Plaintiff a non-delegable duty to exercise due care in the selection of its employees and/or agents responsible for monitoring, cleaning, and maintaining the area where the Incident occurred including but not limited to performing all applicable background checks, contacting past references, and conducting a thorough vetting of their employment history to determine their suitability to perform these duties.

27. WALMART breached its duty of care to Plaintiff by consciously, intentionally, willfully, wantonly, deliberately and/or negligently failing to take any measure to ensure its employees/agents were suitable to perform their these duties.

THE702FIRM
ATTORNEYS AT LAW
400 S. 7th St. #400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

28. Had WALMART performed these duties in a reasonable manner or to a reasonable degree it would have known, and should have known, that these employees and/or agents were unsuitable to perform these duties.

29. These negligent acts were the legal and proximate cause of Plaintiff's injuries, and thus his damages.

30. As a direct and proximate result of the negligence of WALMART, Plaintiff has been damaged in an amount in excess of $15,000 including but not limited to past incurred medical expenses, future medical expenses, lost past wages, and general damages.

31. Plaintiff has been compelled to retain the services of an attorney to prosecute this action and is, therefore, entitled to reasonable attorney's fees and costs incurred herein.

**THIRD CAUSE OF ACTION**

**(Negligent Training and/or Supervision)**

32. Plaintiff repeats and realleges the allegations above, as though fully set forth herein.

33. WALMART owed Plaintiff a non-delegable duty to exercise due care in the training, oversight, direction, and control of its employees/agents/contractors, including those responsible for monitoring, cleaning, and maintaining the area where the Incident occurred.

34. WALMART breached this non-delegable duty owed to Plaintiff by consciously, intentionally, willfully, wantonly, deliberately and/or negligently failing to perform these duties.

35. Had WALMART performed these duties in a reasonable manner or to a reasonable degree it could have prevented the Incident, and thus Plaintiff's injuries.

36. As a direct and proximate result of the negligence of WALMART, Plaintiff has been damaged in an amount in excess of $15,000 including but not limited to past incurred medical expenses, future medical expenses, lost past wages, and general damages.

37. Plaintiff has been compelled to retain the services of an attorney to prosecute this action and is, therefore, entitled to reasonable attorney's fees and costs incurred herein.

///

///

THE702FIRM
ATTORNEYS AT LAW
400 S. 7th St. #400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment on all claims for relief as follows:

1. General damages for Plaintiff's pain, suffering, disfigurement, emotional distress, shock, loss of enjoyment of life, and agony in an amount in excess of $15,000.00.
2. Special damages for Plaintiff's medical expenses, property damages, and lost wages in an amount excess of $15,000.00.
3. For compensatory damages in an amount in excess of $15,000.00.
4. For costs of suit incurred including reasonable attorney's fees.
5. For such other relief as the Court deems just and proper.

DATED this 4th day of December, 2020.

**THE702FIRM**

***/s/ Michael Kane***

______________________________

MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
400 South 7th Street #400
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff, by and through his attorneys of record, THE702FIRM, hereby demands a jury trial of all of the issues in the above matter.

DATED this 4th day of December, 2020.

**THE702FIRM**

***/s/ Michael Kane***

______________________________

MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
400 South 7th Street #400
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*



THE702FIRM
ATTORNEYS AT LAW
400 S. 7th St. #400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333